1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11
12
13
14
15
16
17
18

MARILYN ADAMS, derivatively on behalf
of nominal defendant F5 NETWORKS, INC.,

                Plaintiff,

       v.

CARLTON G. AMDAHL, et al.,

                 Defendants,

and

F5 NETWORKS, INC.,

              Nominal Defendant.

No. C06-0873RSL

ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND

19

## I.  INTRODUCTION

20

       This matter comes before the Court on "Plaintiff's Motion to Remand" (Dkt. #12).

21

Plaintiff argues that her complaint alleges only a violation of state law and presents no federal

22

question.  Defendants argue that the breach of fiduciary duty and unjust enrichment claims are

23

predicated exclusively on violations of federal law and regulations, and therefore federal law is a

24

necessary element of the claims.

25

       For the reasons set forth below, the Court remands the above-captioned case to state

26

ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND

1   court.

2                                **II.  DISCUSSION**

3   **A.      Background**

4          This action arises out of the recent publicity given to companies which backdated stock

5   options as a form of compensation to high-level executives.  See James Bandler et al., Criminal

6   Probe Of UnitedHealth's Options Begins, Wall St. J., May 18, 2006, at C1 ("An

7   accounting-research firm this week identified 17 companies it termed as having 'the highest risk

8   of having backdated options.'").  Shortly thereafter, nominal defendant F5 Networks, Inc., a

9   Seattle company, announced that it had received a grand-jury subpoena from the Eastern District

10  of New York and a notice of informal inquiry from the Securities and Exchange Commission

11  ("SEC").  John Hechinger & Gregory Zuckerman, Stock-Option Grant Probes Gain Steam As

12  More Firms' Practices Get Scrutiny, Wall St. J., May 23, 2006, at C1.  This set off a rush to the

13  courthouse, with plaintiff filing this action in King County Superior Court on May 24, 2006

14  alleging breach of fiduciary duty and unjust enrichment.  Defendants removed the action to this

15  Court, and plaintiff now moves to remand.

16  **B.      Analysis**

17         This action was removed to this Court under 28 U.S.C. § 1441(b), which permits removal

18  of "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or

19  right arising under the Constitution, treaties or laws of the United States."  28 U.S.C. § 1441(b).

20  This provision is construed narrowly.  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th

21  Cir. 1988) ("The burden of establishing federal jurisdiction is upon the party seeking removal,

22  and the removal statute is strictly construed against removal jurisdiction." (internal citation

23  omitted)).  Courts resolve doubts regarding removability in favor of remanding the case to state

24  court.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

25  //

26  //

ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND                    -2-

### 1.    The Well-Pleaded Complaint Rule

The federal system allows a plaintiff to choose the state forum by pleading certain claims. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("The [well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."). Under the well-pleaded complaint rule, the inquiry of whether plaintiff's cause of action arises under federal law must be decided initially by examining the complaint on its face. See Lippitt v. Raymond James Fin. Serv., Inc., 340 F.3d 1033, 1040 (9th Cir. 2003) ("[The] first task is to determine whether the face of [the] complaint contains any allegations that would render his cause of action one that 'arises' under federal law.").

In this case, no federal question appears on the face of the complaint where plaintiff asserts two causes of action for: (1) breach of fiduciary duty; and (2) unjust enrichment. See Dkt. #1 at 14-15. Plaintiff is seeking relief under the common law of Washington, not federal securities laws. It is true that allegations in plaintiff's complaint contain general references to federal law. See, e.g., Dkt. #1, ¶22(b) (alleging that defendants were required to comply "with all applicable federal and state laws"). These references, however, are not enough to establish federal subject matter jurisdiction because they are presented only as alternative ways in which defendants allegedly violated Washington's common law. See Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808-812 (1986) (explaining that reference to federal law as one way of determining whether a violation of state law has occurred is insufficient to establish federal jurisdiction). Therefore, plaintiff's complaint on its face does not present a claim arising under federal law.

### 2.    The Artful Pleading Doctrine

Even if Plaintiff's complaint satisfies the well-pleaded complaint rule, it may still be within federal jurisdiction if it does not survive a corollary rule: the artful pleading doctrine. Under this doctrine, the plaintiff "may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to his claim." Lippitt, 340 F.3d at 1041.

ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND                         -3-

1   This doctrine is to be used "only in limited circumstances as it raises difficult issues of state and
2   federal relationships and often yields unsatisfactory results."  Id.

3        Defendants argue that even if plaintiff did not violate the well-pleaded complaint rule,
4   plaintiff's complaint violates the artful pleading doctrine for three reasons:  (1) complaints filed
5   in other jurisdictions by plaintiff's counsel regarding the backdating of options are admissions
6   that a federal question exists here; (2) plaintiff's claims are necessarily federal in nature; and (3)
7   plaintiff's claims require a resolution of federal law.  See Dkt. #12 at 3-4.  As discussed below,
8   however, these reasons do not substantiate federal subject matter jurisdiction in this case.

9        First, the complaints filed by plaintiff's counsel for other litigants in other jurisdictions
10  are irrelevant to the determination whether this case presents a federal question because they
11  each expressly allege a violation of federal law.  The three complaints enclosed in nominal
12  defendant F5 Networks, Inc.'s Appendix of Documents (Dkt. #18) all contain counts for
13  violations of the Securities Exchange Act.  See Dkt. #18 at A-21 (Maxim Integrated Products,
14  Inc.; Count II for violation of §10(b) and Rule 10b-5); A-42 (Rambus Inc.; Count II for violation
15  of §10(b) and Rule 10b-5); A-91-93 (Affiliated Computer Services, Inc.; Count I for violation of
16  §10(b) and Rule 10b-5, Count II for violation of §14(a), Count III for violation of §20(a)).
17  Simply because plaintiff's complaint contains allegations similar to cases where violations of
18  federal law were asserted, it does not render this a federal case.  The plaintiff here has chosen
19  only to allege state law causes of action.  See Carpenters S. Cal. Admin. Corp. v. Majestic
20  Housing, 743 F.2d 1341, 1344 (9th Cir. 1984) ("Where plaintiff's claim involves both a federal
21  ground and a state ground, the plaintiff is free to ignore the federal question and pitch his claim
22  on the state ground.") (quoting Salveson v. W. States Bankcard Ass'n, 731 F.2d 1423, 1427 (9th
23  Cir. 1984)).

24       Second, this court should not retain jurisdiction under the artful pleading doctrine because
25  federal law is not a necessary element of plaintiff's breach of fiduciary and unjust enrichment
26  claims.   The substance of plaintiff's action against defendants arises mainly in its claim for

ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND          -4-

1  breach of fiduciary duty.  To bring a breach of fiduciary duty claim in Washington, a plaintiff

2  "must establish: (1) the existence of a duty owed [to it]; (2) a breach of that duty; (3) a resulting

3  injury; and (4) that the claimed breach was the proximate cause of the injury."  Miller v. U.S.

4  Bank of Wash., 72 Wn. App. 416, 426 (1994) (citing Hansen v. Friend, 118 Wn.2d 476, 479

5  (1992).

6         Companies are allowed to compensate their executives by providing them with options to

7  purchase stock at prices lower than market value.  These are called "in the money" options.  One

8  form of such an option grant would be to give an executive the option to purchase stock in the

9  company at a cost equal to the price of the stock at some arbitrary date in the past, such as a date

10  during which the price of the stock was low.  Like any other form of compensation, however,

11  companies must record this option grant as compensation for the purpose of reports to

12  shareholders, earnings reports to the SEC, and in tax forms.  Thus, when plaintiff complains of

13  the "backdating" of options, the alleged illicit practice is more thoroughly described as the

14  granting of below-market options to purchase stock and the failure to report those options as

15  compensation.

16         Defendants seize on this distinction to argue that all of the rules that mandate honest

17  reporting are at the federal level.  The SEC requires the use of the Generally Accepted

18  Accounting Principles ("GAAP"), which require that earnings be offset by the value of the grant

19  during the fiscal year of the grant.  And the Internal Revenue Code treats a company's in-the-

20  money and at-the-money (options to purchase at the current stock price) option grants

21  differently, resulting in different federal tax liability.  Defendants contend that these federal

22  rules establish the duties that are essential to plaintiff's breach of fiduciary duty claim.

23         Defendants' argument plainly ignores that Washington state laws also mandate honest

24  reporting to shareholders.  See RCW 23B.08.300; RCW 23B.08.420 (requiring directors and

25  officers to act in good faith).  These statutes have been interpreted to require total honesty in

26  corporate dealings.  Obert v. Envtl. Research & Dev. Corp., 112 Wn.2d 323, 337 (1989).  An

ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND                          -5-

analogous duty used to be found in partnership cases, where a statute established an obligation

to act in good faith.  See RCW 25.04.210 (repealed).  The Washington Supreme Court

interpreted that obligation expansively:

> It is the universal rule that partners are required to exercise the utmost good faith toward each other, and, where an accounting is had, it is the duty of a partner who manages, conducts, or operates a partnership business, to render complete and accurate accounts of all of the partnership business. This rule is grounded upon the theory that the managing partner is acting as a trustee for his firm.

Simich v. Culjak, 27 Wn.2d 403, 408 (1947).  A director or officer's failure to accurately

account corporate dealings to the corporation and shareholders gives rise to a breach of fiduciary

duty.  See Hudson v. Alaska Airlines, Inc., 43 Wn.2d 71, 74 (1953) (officers and directors stand

in a fiduciary relation to the corporation).  The torts alleged by plaintiff can be proven without

reference to federal law, and therefore this action does not necessarily present a substantial

federal question.

Finally, this Court should not retain jurisdiction under the artful pleading doctrine

because plaintiff's claims do not require a resolution of federal law.  Defendants argue that

plaintiff's case depends on alleged failures to follow GAAP, and that only federal laws require

financial statements to be prepared in compliance with GAAP.  See Dkt. #18 at 9.  GAAP by

itself, however, is not federal standard.  See Ganino v. Citizens Util. Co., 228 F.3d 154, 160 n.4

(2d Cir. 2000) ("Generally Accepted Accounting Principles ('GAAP') are the official standards

adopted by the American Institute of Certified Public Accountants (the 'AICPA'), a private

professional association, through three successor groups it established: the Committee on

Accounting Procedure, the Accounting Principles Board (the 'APB'), and the Financial

Accounting Standards Board (the 'FASB')."  In Washington, financial statements must be

prepared for shareholders.  See RCW 23B.16.200 (Financial statements for shareholders).

Under RCW 23B.16.200, corporations are given the option to prepare statements using GAAP.

Id., §(1) ("If financial statements are prepared by the corporation for any purpose on the basis of

[GAAP], the annual statements must also be prepared, and disclose and that they are prepared,

ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND                    -6-

1    on that basis."). Plaintiff alleges: F5 Networks, Inc.'s financial statements were, or should have

2    been prepared using GAAP; defendants violated GAAP; and this violation was a breach of

3    fiduciary duty resulting in unjust enrichment. See Dkt. #1 at 4, 14 and 15. These allegations do

4    not, however, require a resolution of federal law and therefore do not trigger the artful pleading

5    doctrine.

6                                    **III.  CONCLUSION**

7            For all the foregoing reasons, plaintiff's motion to remand (Dkt. # 12) is GRANTED.

8    The Clerk of Court is directed to transmit the file regarding C06-0873RSL to King County

9    Superior Court.

10

11           DATED this 12th day of September, 2006.

12

13

14                                          Robert S. Lasnik
                                            United States District Judge
15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND                     -7-